UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NICHOLAS CHARLES DESNERCK,

                Plaintiff,        **1:15-cv-0465-MAT**

                                    **DECISION AND ORDER**

      -vs-

NANCY A. BERRYHILL, Acting Commissioner
of Social Security,

                Defendant.
_____

## I. Introduction

Represented by counsel, Nicholas Charles Desnerck ("plaintiff") has brought this action pursuant to Title XVI of the Social Security Act ("the Act"), seeking review of the final decision of the Acting Commissioner of Social Security[1] ("defendant" or "the Commissioner") denying his application for Supplemental Security Income ("SSI"). This Court has jurisdiction over the matter pursuant to 42 U.S.C. § 405(g). Presently before the Court are the parties' competing motions for judgment on the pleadings pursuant to Rule 12© of the Federal Rules of Civil Procedure. For the reasons set forth below, plaintiff's motion is granted to the extent that the matter is remanded for further administrative proceedings and defendant's motion is denied.

---

[1] Nancy A. Berryhill replaced Carolyn W. Colvin as Acting Commissioner of Social Security on January 23, 2017. The Clerk of the Court is instructed to amend the caption of this case pursuant to Federal Rule of Civil Procedure 25(d) to reflect the substitution of Acting Commissioner Berryhill as the defendant in this matter.

## II. Legal Standard

Plaintiff's application for benefits was initially filed on May 19, 2011, while he was still a minor child. For the purpose of evaluating eligibility for childhood SSI benefits, an individual under the age of 18 is considered disabled if he has a medically determinable physical or mental impairment that results in marked and severe functional limitations, and that can be expected to result in death, or that has lasted, or can be expected to last, for a continuous period of not less than 12 months. *See* 42 U.S.C. § 1382c(a)(3)(C)(I). The regulations establish a sequential evaluation for determining whether a child claimant meets this definition of disabled, and requires the claimant to show: (1) that he is not working; (2) that he has a severe impairment or combination of impairments; and (3) that his impairment or combination of impairments meets or medically equals the listings in Part A or B of Appendix 1 to Subpart P of Part 404 of the Social Security Administration's regulations. *See* 20 C.F.R. § 416.924. A child's functional limitations are evaluated in the context of six broad functional areas, called "domains of functioning." *See* 20 C.F.R. § 416.926a(b)(1). If a child has marked limitations in two domains or an extreme limitation in one domain, the child's impairment or combination of impairments is functionally equivalent to a listed impairment. *See* 20 C.F.R. § 416.926a(d).

## III. Procedural History

On May 19, 2011, Victoria Holland protectively filed an application for children's SSI on behalf of plaintiff, who was then a minor child. Administrative Transcript ("T.") at 121-29, 139. Plaintiff's claim was initially denied, and he timely requested a hearing before an administrative law judge ("ALJ"). T. 48-60. ALJ Michael Friedman held a hearing on October 10, 2012, at which plaintiff was represented by attorney Valerie Sylves. T. 36-44. On October 25, 2012, ALJ Friedman issued a decision in which he found plaintiff not disabled. T. 19-35. Plaintiff's request for Appeals Council review was denied on March 25, 2015, making the ALJ's decision the final decision of the Commissioner. T. 1-6. Plaintiff subsequently commenced the instant action.

## IV. The ALJ's Decision

In considering plaintiff's claim, the ALJ applied the three-step sequential evaluation for evaluating child disability claims. *See* 20 C.F.R. § 416.924. At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity at any time relevant to this decision. T. 25. At step two, the ALJ found that plaintiff suffered from the severe impairments of cerebral palsy and bipolar disorder. *Id.* At step three, the ALJ found that plaintiff did not have an impairment or combination of impairments that met or medically equaled any impairment listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. *Id.* The ALJ further found that plaintiff's impairments were not functionally equivalent

3

to a listed impairment. T. 25-26. Specifically, the ALJ determined that plaintiff had less than marked limitations in the domains of Interacting and Relating With Others, Moving About and Manipulating Objects, and Health and Physical Well-Being, and no limitations in the domains of Acquiring and Using Information, Attending and Completing Tasks, and Caring for Yourself. T. 27-31. The ALJ therefore concluded that plaintiff was not disabled within the meaning of the Act. T. 31.

## V. Scope of Review

A district court may set aside the Commissioner's determination that a claimant is not disabled only if the factual findings are not supported by "substantial evidence" or if the decision is based on legal error. 42 U.S.C. § 405(g); *see Green-Younger v. Barnhart*, 335 F.3d 99, 105-06 (2d Cir. 2003). "Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (quotation omitted). "Where the Commissioner's decision rests on adequate findings supported by evidence having rational probative force, [the district court] will not substitute [its] judgment for that of the Commissioner." *Veino v. Barnhart*, 312 F.3d 578, 586 (2d Cir. 2002). This deferential standard is not applied to the Commissioner's application of the law, and the district court must independently determine whether the Commissioner's decision applied the correct legal standards in determining that the claimant was

4

not disabled.  *Townley v. Heckler*, 748 F.2d 109, 112 (2d Cir. 1984).

**VI.  Discussion**

Plaintiff requests the Court to remand this matter for further administrative proceedings, arguing that the ALJ significantly understated the severity of plaintiff's mental impairments, resulting in erroneous evaluations of plaintiff's ability to interact with and relate to others and to care for himself. Plaintiff further argues that the ALJ failed to properly develop the record, inasmuch as he did not obtain an expert medical opinion regarding the severity of plaintiff's mental impairments. In response, the Commissioner requests the Court to uphold her determination that plaintiff is not disabled, arguing that it was supported by substantial evidence.  For the reasons discussed below and based on a review of the record evidence, the Court finds that the ALJ failed to properly develop the record with respect to the severity of plaintiff's mental impairments, and therefore remands the case for further administrative proceedings.

**A.  Failure to Develop the Record**

"It is well settled that the ALJ has an affirmative duty to develop the record in a disability benefits case, and that remand is appropriate where this duty is not discharged. . . . Encompassed in this duty is the requirement that an ALJ assemble the claimant's complete medical history and re-contact treating physicians or obtain consultative examinations where the

information received is inadequate to determine whether the claimant is disabled." *Weed Covey v. Colvin*, 96 F. Supp. 3d 14, 29 (W.D.N.Y. 2015) (internal quotations omitted). "[T]he ALJ cannot arbitrarily substitute his own judgment for competent medical opinion. . . . [W]hile an [ALJ] is free to resolve issues of credibility as to lay testimony or to choose between properly submitted medical opinions, he is not free to set his own expertise against that of a physician who [submitted an opinion to or] testified before him." *Balsamo v. Chater*, 142 F.3d 75, 81 (2d Cir. 1998) (internal quotations omitted); *see also Filocomo v. Chater*, 944 F. Supp. 165, 170 (E.D.N.Y. 1996) ("In the absence of supporting expert medical opinion, the ALJ should not have engaged in his own evaluations of the medical findings.").

In this case, the ALJ concluded that plaintiff had a severe impairment of bipolar disorder. The medical evidence of record shows that plaintiff had two extended inpatient hospital stays (from December 2, 2011 to December 11, 2011 and from January 3, 2012 to January 16, 2012) related to his mental impairments. T. 304-305, 322-23. With respect to plaintiff's first hospitalization, the record reveals a global assessment of functioning ("GAF") score of only 25 upon admission, which had increased to 55 on discharge. T. 323. With respect to his second hospitalization, again, his GAF score was only 25 upon admission, and had increased only to 54 on discharge. T. 305.

6

Plaintiff underwent a psychiatric evaluation at WCA Hospital in Jamestown, New York, on February 22, 2012. T. 289-91. Plaintiff reported a history of physical abuse, as well as having been a witness to domestic violence. T. 290. He was assessed with bipolar disorder with psychotic features, as well as a learning disorder, and had a GAF score of 55. T. 290-91. It was recommended that he undergo additional psychological testing. T. 291.

On September 19, 2012, approximately one month before the ALJ held the hearing in this matter, plaintiff was seen by his treating physician, Dr. Sean Seibert, because he had been exhibiting unusual behavior. T. 358. Plaintiff reported having confused thoughts, and Dr. Seibert recommended that a psychiatric evaluation be performed "as soon as possible." *Id.*

The record does not contain any medical opinion evidence regarding the impact of plaintiff's mental impairments on his ability to function, and there is no indication that the ALJ sought to remedy this obvious gap in the record. In particular, and as plaintiff notes, the ALJ failed to obtain a consultative psychiatric examination of plaintiff, even though plaintiff's treating physician had expressly opined that a psychiatric evaluation was necessary one month before the administrative hearing. Under these circumstances, the Court concludes that the ALJ failed to discharge his duty to develop the record regarding

the severity of plaintiff's mental impairments, and that remand for further proceedings is necessary.

The Commissioner argues that the ALJ's conclusions are supported by the opinion of State Agency Reviewing Physician Dr. M. Malik. This contention is meritless. Dr. Malik rendered his opinion on July 19, 2011, prior to plaintiff's hospitalizations and subsequent psychiatric treatment, and moreover his opinion does not discuss plaintiff's mental impairments whatsoever. T. 260-64. It is well-established that "medical source opinions that are . . . stale, and based on an incomplete medical record may not be substantial evidence to support an ALJ finding." *Camille v. Colvin*, 104 F. Supp. 3d 329, 343-44 (W.D.N.Y. 2015), *aff'd*, 652 F. App'x 25 (2d Cir. 2016) (quotation marks and citation omitted); *see also Jones v. Comm'r of Soc. Sec.*, 2012 WL 3637450, at *2 (E.D.N.Y. Aug. 22, 2012) (ALJ should not have relied on a medical opinion in part because it was 1.5 years stale as of the plaintiff's hearing date and did not account for her deteriorating condition); *Girolamo v. Colvin*, 2014 WL 2207993, at *7-8 (W.D.N.Y. May 28, 2014) (ALJ should not have afforded great weight to medical opinions rendered before plaintiff's second surgery). Dr. Malik's opinion does not and cannot provide substantial evidence to support the ALJ's conclusions in this case.

In sum, and for the reasons discussed above, the Court finds that the ALJ failed to discharge his duty to develop the record regarding the severity of plaintiff's mental impairments, and that

this error requires remand. On remand, the ALJ is instructed to obtain a consultative psychiatric examination of plaintiff, in addition to taking any other appropriate steps to develop the record.

**B. The Court Declines to Reach Plaintiff's Other Arguments**

Plaintiff has also argued that the ALJ's analysis of his functioning in the domains of interacting with and relating to others and caring for himself. Because the Court has determined that further development of the record is required, it need not and does not reach these arguments. On remand, the ALJ is instructed to revisit his determination regarding plaintiff's function in each of the six domains in light of the record as a whole.

**VII. Conclusion**

For the foregoing reasons, the Court finds that remand of this matter for further development of the record is necessary. Defendant's motion for judgment on the pleadings (Docket No. 16) is denied, and Plaintiff's motion for judgment on the pleadings (Docket No. 7) is granted to the extent that the matter is remanded for further administrative proceedings. The Clerk of Court is directed to close this case.

**ALL OF THE ABOVE IS SO ORDERED.**

                                     **S/Michael A. Telesca**

                      HON. MICHAEL A. TELESCA
                      United States District Judge

Dated:    January 5, 2018
            Rochester, New York.